IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS DOOLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED INDUSTRIES CORPORATION,** | ) Civil No. **10-037-JPG-CJP** |
| **SPECTRUM BRANDS, INC., EUGENE** | ) |
| **HOGE, and ALLISON FOLEY,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel Production **(Doc. 94)**. Defendants filed a response in opposition at **Doc. 104**.

The motion states that it is directed to plaintiff's second request for production of documents. The requests and objections thereto are filed as exhibits to **Doc. 97**.

Plaintiff seeks an order compelling defendants to produce six categories of documents. The first two categories are described by plaintiff in the motion as "refined requests." That is, the first two categories of documents which he seeks to compel are not the subjects of actual requests for production contained in the second request for production of documents. Rather, plaintiff has combined and revised some of the requests that he did actually make.

A request for production must be served upon a party and "must describe with reasonable particularity each item or category of items to be inspected." **Fed. R. Civ. P. 34(b)(1)**. The Court will not compel a party to comply with discovery requests that are made for the first time in a motion to compel.

1

The third category of documents sough in the motion is defendants' balance sheets and profit and loss statements for 2008 to the present. This corresponds to number 7 of plaintiff's second request for production. Plaintiff argues that these documents "are related to their ability to respond in damages." Defendants object that this information is not relevant unless and until plaintiff gets a verdict for money damages. The Court agrees.

Next, plaintiff seeks "documents and lists disclosing the names and addresses of directors and officers of (a) Spectrum [and] (b) United during 2008 and 2009." The motion says that this corresponds to request number 8. In fact, request number 8 asked for "a list of the names, addresses and the compensation of each officer and director of the corporation during the period 2004 to present." Plaintiff argues that this information would show whether the defendant corporations are "run as independent corporations or whether they are run by the same persons." Defendants explain in their response that Spectrum is the parent corporation of UIC. Both plaintiff and the person who decided to fire him worked for UIC. Plaintiff is evidently seeking information that might allow him to attempt to pierce the corporate veil and hold Spectrum liable; however, the fact that corporations have common officers and directors is not such information. See, cases cited at **Doc. 104, pp.11-12.**

The fifth category of information sought by plaintiff is the names and address of all employees of Spectrum and UIC who were at the Bridgeton facility on August 27, 2009, the date on which his co-employee allegedly stole his computer and threatened him. Defendant objects that this information is irrelevant. The Court agrees. Many of plaintiff's claims have now been dismissed. The only remaining claims are for wrongful discharge in violation of public policy and for violation of the Family Medical Leave Act. Plaintiff has already testified that no one

else witnessed the exchange between himself and the co-employee.  In any event, plaintiff claims that he was fired for reporting the theft and altercation to the police.  Witnesses to the events of August 27, 2009, if any exist, would not have information relevant to the pending claims.

Lastly, plaintiff seeks the identities of all employees who performed work for both Spectrum and United since 2004.  Plaintiff's rationale here is similar to his argument in support of the fourth category.  Again, not only is the request overly broad in terms of time and geographic scope, the information sought would not tend to prove what plaintiff wants to prove. **See, Doc. 104, p. 13**.

For the foregoing reasons, Plaintiff's Motion to Compel Production **(Doc. 94)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  October 22, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
