UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

THOMAS DOOLEY,

    Plaintiff,

v.

UNITED INDUSTRIES CORPORATION,
SPECTRUM BRANDS, INC., EUGENE
HOGE, and ALLISON FOLEY,

    Defendants.

Case No. 10-cv-37-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Thomas Dooley's ("Dooley") Objection (Doc. 106). Defendants filed a Response (Doc. 112) thereto, to which Dooley filed a Reply (Doc. 113).[1]

The instant objection (or appeal à la Local Rule 73.1(a)) targets an Order (Doc. 102) of Magistrate Judge Clifford J. Proud that denied Dooley's renewed Motion to Join Rebeckah Long and Motion to Amend the Complaint. Magistrate Judge Proud denied said motion on the following two grounds: 1) the corresponding proposed complaint did not underline the material sought to be added to the operative complaint, and the proposed complaint did not indicate which defendants were tied to which claims for relief; and 2) prematurity because it was primarily based upon a choice-of-law issue that this Court had yet to decide.

---

[1] In filing an 8-page reply brief, Dooley disregarded the Local Rules of the Court. *See* S.D. Ill. L. R. 7.1(g) ("Reply briefs shall not exceed 5 pages. Requests for additional pages are not allowed."). The Court admonishes Dooley to adhere to the Court's Local Rules in the future lest his filings be wholly or partially stricken.

As a preliminary matter, the Court notes that its analysis is confined to the underlying order of Magistrate Judge Proud at the time it was entered. The Court also notes that a renewed Motion to Join Rebeckah Long (Doc. 165) is pending before Magistrate Judge Proud.

A district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a); SDIL-LR 73.1(a). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law.

Here, it is clear that Magistrate Judge Proud's decision does not fall below the deference afforded him. Dooley's failure to underline only the new material contained in his proposed amended complaint represents a clear violation of the Court's Local Rules, which state that "[a]ll new material in an amended pleading *must* be underlined." SDIL-LR 15.1 (emphasis added). And, indeed, failure to comply with Local Rule 15.1 may warrant denial of a plaintiff's motion to amend. *See, e.g., Barnes v. Broy*, 08-cv-290-MJR, 2008 WL 3875258, at *2 (S.D. Ill. Aug. 19, 2008); *Johnson v. Ill. Dep't of Corrs.*, 04-cv-222-MJR, 2006 WL 741318, at *1 n.1 (S.D. Ill. Mar. 22, 2006). The fact that Dooley did not specify which claims were to be asserted against Rebeckah Long only further demonstrated the inadequacy of the proposed complaint and the lack of clarity therein.

While there were more than enough "technical" reasons for Magistrate Judge Proud to deny the underlying motion, his denial also rested upon valid concerns of judicial economy. Dooley believes it is "fatuitous" to assume Magistrate Judge Proud's opinion relies upon

2

concerns of judicial efficiency. Doc. 113, p. 1. The Court, however, finds that a judicial economy rationale permeates the underlying order.

At the time of denial, there were two motions to dismiss before the Court as well as a related motion to strike and numerous briefs. The motion to amend heavily referenced a choice-of-law issue that the dismissal motions revolved around. It would be a waste of the Court and the parties' time for Magistrate Judge Proud to engage in a choice-of-law analysis when this Court would undertake the very same analysis in ruling on Defendants' motions to dismiss.[2] The rule of procedure preceding all others states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Magistrate Judge Proud would not have adhered to this hallmark of federal litigation had he engaged in superfluous analysis. More importantly, it can hardly be said his decision represents clear error or runs contrary to law.

As a final matter, the Court will not be accepting Dooley's invitation to revisit its choice-of-law analysis.

For the foregoing reasons, the Court **DENIES** Dooley's Objection (Doc. 106).

**IT IS SO ORDERED.**
**DATED: April 25, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2]Contrary to Dooley's repeated assertions, a dismissal motion *is* dispositive. *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992) ("A motion to dismiss is a dispositive motion[.]").