UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

THOMAS DOOLEY,

    Plaintiff,

v.

UNITED INDUSTRIES CORPORATION,
SPECTRUM BRANDS, INC., EUGENE
HOGE, and ALLISON FOLEY,

    Defendants.

Case No. 10-cv-37-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Thomas Dooley's ("Dooley") Objections (Doc. 144). Defendants filed a Response (Doc. 148) thereto, to which Dooley filed a Reply (Doc. 149).

The instant objections (or appeal à la Local Rule 73.1(a)) partially target an Order (Doc. 133) of Magistrate Judge Clifford J. Proud that denied Dooley's Motion to Compel (Doc. 94). Discovery referenced in the motion to compel that Dooley still seeks to obtain is as follows: 1) the names, addresses, and compensation of all of Defendant United Industries Corporation ("UIC") and Defendant Spectrum Brands, Inc.'s ("Spectrum") officers and directors during 2008 and 2009; 2) every UIC and Spectrum balance sheet and profit and loss statement since January 1, 2008; and 3) the names, addresses, and job titles of all persons who performed services for UIC and Spectrum between January 1, 2004, and December 31, 2009.

A district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. 28

U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a); SDIL-LR 73.1(a). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law.

The Court has thoroughly reviewed the record and finds no reason to disturb the ruling of Magistrate Judge Proud. Dooley's requests are overbroad, and the discovery sought is largely irrelevant.

Dooley makes much ado about the need to determine whether UIC is a mere business conduit or instrumentality of Spectrum in order to pierce an alleged corporate veil. He believes that learning of shared directors or officers will help demonstrate that Spectrum overwhelmingly controls UIC — one of the three elements that comprise the "mere instrumentality" doctrine. *See C.M. Corp. v. Oberer Dev. Co.*, 631 F.2d 536, 538-39 (7th Cir. 1980). The existence of common directors or officers, however, represents only one of at least eleven factors considered in such control analysis, *see id.*, and the instant objections do not even make a threshold showing of the other factors.[1] Moreover, "[i]t is entirely appropriate for a parent corporation's directors to serve as directors of its subsidiary." *Gass v. Anna Hosp. Corp.*, 911 N.E.2d 1084, 1090 (Ill. App. Ct. 2009); *C.M. Corp.*, 631 F.2d at 538 ("[C]ommon officers and directors are generally prerequisites to piercing the corporate

---

[1] The Court is well-aware of the fact that Dooley discusses the relevance of the other elements and factors of the "mere instrumentality" doctrine in his Response (Doc. 130) to Spectrum's Motion for Summary Judgment (Doc. 119). These arguments, however, have not been discussed within the instant briefing or incorporated therein; as such, they were not considered by the Court in ruling on the objection at issue. More importantly, assuming *arguendo* that UIC and Spectrum share directors or officers, it is highly unlikely that this commonality will be the deciding factor in the Court's impending analysis of corporate separateness.

2

veil. However, those factors are not sufficient by themselves to invoke the doctrine for 'such factors are common business practice and exist in most parent and subsidiary relationships.'") (citing *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963)).

For the foregoing reasons, it is clear that Magistrate Judge Proud's decision does not fall below the deference afforded him. Accordingly, the Court **DENIES** Dooley's Objections (Doc. 144).

**IT IS SO ORDERED.**
**DATED: April 25, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**