IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS DOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10−cv−0037−JPG−SCW |
| | ) |
| UNITED INDUSTRIES CORPORATION, SPECTRUM BRANDS, INC., and ALLISON FOLEY, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is the one-page, one-paragraph Motion to Join Rebeckah Long filed by Plaintiff Thomas Dooley ("Dooley"). This is Dooley's fourth attempt to joint Rebeckah Long as a party Defendant. In his First Amended Complaint filed on February 17, 2010, Dooley alleges that Defendants—his former employer and a human resources manager—wrongfully terminated his employment in bad faith and in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, (FMLA), after he reported a co-worker, who had threatened him, to the police. Dooley further alleges that Defendants were negligent in hiring this co-worker, Douglas Colvin, because he is a convicted felon, and that, as a result, Dooley's work environment was unsafe. Lastly, Dooley alleges that Defendants engaged in some form of conspiracy during the termination process.

Dooley first sought leave to join Rebeckah Long as a party and file a Second Amended Complaint on April 8, 2010 (Doc. 59). This motion was denied, however, by Magistrate Judge Clifford Proud partly because there was a Motion to Dismiss and to Strike pending that would not be rendered moot by the filing of an amended complaint, nor would the new complaint "address the deficiencies alleged in the motions" (Doc. 65). The denial was without prejudice to Dooley filing a similar motion *after* the pending dispositive motions had been resolved. Nevertheless, Dooley filed a

Renewed Motion to Join Rebekah Long as a Party Defendant and to Amend Accordingly on July 2, 2010 (Doc. 80), *prior* to these motions being resolved.  When he submitted a proposed Third Amended Complaint along with his motion Dooley failed to comply with the Local Rule requiring new material in a proposed amended pleading to be underlined. SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 15.1.  Thus, Dooley's renewed motion was denied by Judge Proud (Doc. 102) because it was, once again, premature and not in compliance with Judge Proud's earlier Order.[1]

Dooley filed an Objection to Judge Proud's August 12, 2010 Order pursuant to Federal Rule of Civil Procedure 72, along with 47 exhibits attached to the objection (*see* Docs 106-110).  On September 2, 2010, District Judge Gilbert issued his Memorandum and Order granting in part Defendants' Motions to Dismiss and Strike (Doc. 111).  As Defendants' note in their response to the instant motion, this was the time when Dooley should have filed a Motion for Leave to File his Third (or Fourth?) Amended Complaint.  Instead, Dooley waited over four months and filed the instant one paragraph motion with no proposed Amended Complaint submitted at all.  On April 25, 2011, Judge Gilbert issued his Order overruling Dooley's Objections to Judge Proud's Order denying his Motion for Leave to Amend.  So, roughly 18 months and many motions later, here is where things stand:  Dooley has yet to file a motion to join Rebeckah Long or a proposed Amended Complaint that complies either with this Court's earlier Orders or this Court's Local Rules.

The Seventh Circuit Court of Appeals has "emphasized the importance of local rules and [has] repeatedly upheld a district court's discretion to require strict compliance with its local rules…" *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (quotation omitted).  Indeed, in his

---

[1] The Court notes that Dooley's first attempt to file an amended Complaint also suffered from nearly the same deficiency in that his proposed Amended Complaint did not have the new material underlined (*see* Docs. 10, 14).  However, in his second attempt, Dooley prevailed and he filed his First Amended Complaint (Doc. 23) on February 17, 2010.

Order upholding Judge Proud's denial of Dooley's Renewed Motion to Join Rebeckah Long, Judge Gilbert noted this very point: "failure to comply with Local Rule 15.1 may warrant denial of a plaintiff's motion to amend" (Doc. 196, p. 2) (citations omitted).  Now, not only has Dooley failed to submit any proposed Amended Complaint at all, but his *fourth* request to join Rebeckah Long comes four months after the Motions to Dismiss and Strike were granted in part, and long after the close of all discovery (which was September 3, 2010).  Moreover, a jury trial is set to commence in less than three weeks.  There can be no question that adding Rebeckah Long at this late stage in the litigation would unduly prejudice the Defendants.  Further, in the face of his ongoing failure to comply with this Court's Local Rules and this Court's earlier Orders, the Court is hard-pressed to find any reason to grant Dooley's fourth request to join Rebeckah Long.[2]

Accordingly, Plaintiff's Motion to Join Rebeckah Long is, once again, **DENIED.**  However, in light of this being the third such request, the Court finds more than adequate grounds for the denial to be *with* prejudice.

**IT IS SO ORDERED**.

DATED August 5, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[2] Not to mention the fact that the Court questions whether, substantively, there is any possible way to hold Rebeckah Long, the Human Resources Director, personally liable under the FMLA or under Missouri's wrongful discharge laws—Plaintiff Dooley's only two remaining theories of liability.